**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

---

No. 23-2539

---

JOHN MCCRORY,
Appellant

v.

CITY OF PHILADELPHIA

---

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:22-cv-02227)
District Judge: Honorable Chad F. Kenney

---

Argued November 12, 2024

---

Before: RESTREPO, MONTGOMERY-REEVES, and AMBRO, *Circuit Judges*

(Filed: May 14, 2025)

David M. Koller [ARGUED]
Koller Law
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
*Counsel for Appellant*

Kelly S. Diffily [ARGUED]
City of Philadelphia
Law Department
1515 Arch Street, 15th Floor
Philadelphia, PA 19102
*Counsel for Appellee*

OPINION[*]

RESTREPO, *Circuit Judge*.

John McCrorey, a former lieutenant in the Philadelphia Police Department's Narcotics Bureau, sued the City of Philadelphia for age discrimination and retaliation after he was transferred to a different division close to his retirement date. The District Court granted summary judgment for the City, but that was before the Supreme Court decided *Muldrow v. City of St. Louis*, 601 U.S. 346 (2024). Because *Muldrow* set forth a new standard for assessing what constitutes an adverse employment action, we will vacate the judgment denying McCrorey's age-discrimination claim and remand for further proceedings. We will, however, affirm the District Court's judgment denying his retaliation claim.

I.

McCrorey worked as a supervisor in the Philadelphia Police Department's Narcotics Field Unit (NFU) from 2014 until his retirement in 2021. The NFU, which operates as part of the Narcotics Bureau, consists of six divisions that cover the different parts of the city. Until September 2020, McCrorey supervised the East Division of the NFU, which included the neighborhood of Kensington and what was at the time "the biggest open[-]air drug market in the country." A110.

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

In July 2020, Christopher Flacco was appointed the Chief Inspector of the Narcotics Bureau. He was tasked with fixing the Narcotics Bureau and "get[ting] it working." A112. Members of Philadelphia's City Council expressed a particular desire for an improved narcotics enforcement strategy in Kensington.

At the time of Chief Inspector Flacco's appointment, McCrorey was irrevocably scheduled to retire on October 23, 2021. Back in 2017, he enrolled in Philadelphia's Deferred Retirement Option Program (DROP), which allowed employees with Philadelphia-issued pensions to make an irrevocable commitment to retire within four years in exchange for receiving the accrued pension payments for those years. DROP helped city agencies address future staffing needs by providing current employees' exact retirement dates.

McCrorey alleges that Chief Inspector Flacco met with NFU supervisors on September 22, 2020, and commented on the advanced age of the East Division's personnel. Flacco asked which officers had enrolled in DROP and McCrorey raised his hand. McCrorey also contends that Flacco told the supervisors that he did not believe "the police force needed a bunch of fifty-year-old cops in uniform acting as an [Emergency Response Group]." A39. At that same meeting, Flacco named a lieutenant and two other sergeants—all men in their 40s—as the new supervisors in the East Division.

As part of this reorganization effort, Chief Inspector Flacco removed McCrorey's entire squad—all over 50 years old—from the East Division. McCrorey, who was 61 years old at the time, was reassigned to the Northwest Division. His title, base salary, and job responsibilities did not change. Immediately following his reassignment, McCrorey went

on sick leave and began "running time," the practice of using accrued leave when nearing retirement. He never reported to his position at the Northwest Squad. McCrorey instead provided several doctors' notes between October 2020 and March 2021, claiming that his absence was due to "medical reasons" and anxiety.

While on sick leave, on February 23, 2021, McCrorey filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC). The complaint alleged that Chief Inspector Flacco discriminated against him by transferring him to the Northwest Division based on his age.

Five months later, McCrorey—after being on sick leave for about ten months—filed a form seeking to extend his DROP retirement beyond October 2021. To address staffing shortages, the Mayor of Philadelphia had approved a one-time DROP extension for those scheduled to retire between July 2021 and June 2022. The DROP extension election form stated that the applicant had to be currently able to work in order to qualify.

McCrorey was deemed unqualified for a DROP extension because he was not able to work when he applied. Lieutenant James Ferguson, the officer who oversaw the extension requests for the Police Department, testified that he was not aware of McCrorey's EEOC complaint. He also testified that no officer on extended sick or injury leave was granted a DROP extension. McCrorey alleges he received a phone call from an unidentified individual who told him that Chief Inspector Flacco was responsible for the denial. But Flacco testified that he played no role in deciding DROP extension requests and had no knowledge of McCrorey's application.

The EEOC issued a Dismissal and Notice of Rights letter in March 2022. In June, McCrorey filed his complaint against the City of Philadelphia asserting claims of age discrimination and retaliation in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.*, and the Pennsylvania Human Relations Act (PHRA), 43 P.S. § 951 *et seq*.

After hearing argument, the District Court granted summary judgment in favor of the City of Philadelphia. Regarding the discrimination claim, it found McCrorey failed to prove that his transfer to a different NFU division constituted an adverse employment action. On the retaliation claim, it concluded McCrorey did not establish that the denial of his DROP extension application was a materially adverse action, or that there was a causal link between his EEOC complaint and the application's denial. McCrorey appealed.

II.[1]

We review de novo the District Court's decision to deny summary judgment. *Reilly v. City of Atl. City*, 532 F.3d 216, 223 (3d Cir. 2008). To prevail on its motion, the City had to establish there was no genuine dispute of material fact and prove that it was entitled to judgment as a matter of law. *Ellis v. Westinghouse Elec. Co.*, 11 F.4th 221, 229–30 (3d Cir. 2021). A fact is material if it could "affect the outcome of the suit." *Mall Chevrolet, Inc. v. Gen. Motors LLC*, 99 F.4th 622, 631 (3d Cir. 2024) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1996)). A dispute is genuine if a reasonable factfinder could resolve the dispute in favor of the nonmovant. *Id.* (citing *Anderson*, 477 U.S. at 248).

[1] The District Court had jurisdiction under 28 U.S.C. § 1331. Our Court has appellate jurisdiction under 28 U.S.C. § 1291.

When reviewing the summary-judgment record, we must credit the evidence of the nonmovant and draw all reasonable inferences in the nonmovant's favor. *Peifer v. Bd. of Prob. & Parole*, 106 F.4th 270, 275 (3d Cir. 2024) (citing *Anderson*, 477 U.S. at 255).

*a. Age-Discrimination Claim*

ADEA and PHRA age-discrimination claims are analyzed under the three-step burden-shifting framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*: (1) the plaintiff makes out a prima facie case of discrimination; (2) the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for its action; and (3) the burden shifts back to the plaintiff to establish the reasons given were pretexts for discrimination. 411 U.S. 792, 802–04 (1973).[2] The plaintiff maintains the ultimate burden of showing that age was the determinative reason for the discrimination, not just a "motivating factor." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 174 (2009).

To establish a prima facie case of age discrimination, McCrorey was required to show that: (1) he was over 40; (2) he was qualified for the job; (3) he suffered an adverse employment action; and (4) he was replaced or passed over in favor of someone sufficiently younger to support an inference of discriminatory motive. *Smith v. City of Allentown*, 589 F.3d 684, 689–90 (3d Cir. 2009) (citing *Potence v. Hazelton Area Sch. Dist.*, 357 F.3d 366, 370 (3d Cir. 2004)).

---

[2] In age-discrimination cases such as this one, we apply the same analysis to PHRA and ADEA claims "except where there is something specifically different in [the PHRA's] language requiring that it be treated differently." *Burton v. Teleflex Inc.*, 707 F.3d 417, 432 (3d Cir. 2013) (citation and internal quotation marks omitted).

The District Court granted summary judgment in favor of the City, finding that McCrorey did not establish a prima facie case of age discrimination. Specifically, it found that his transfer to the Northwest Division did not qualify as an "adverse employment action" because he did not suffer a "significant" change to his employment. A17. The District Court rejected McCrorey's argument that the transfer to a division that he alleged was less prestigious, less likely to facilitate career advancement, and offered fewer opportunities for earning overtime, qualified as an adverse employment action. Instead, it deemed that the reassignment to the Northwest Division "resulted in no direct, immediate economic harm" because McCrorey maintained his title and received the same base salary. A19.

After the District Court's ruling, the Supreme Court decided *Muldrow v. City of St. Louis*, 601 U.S. 346 (2024).[3] *Muldrow* expressly rejected the rule that the harm an employee suffers must be "significant . . . [o]r serious, or substantial, or any similar adjective suggesting that the disadvantage . . . must exceed a heightened bar" for there to be an adverse employment action. *Id.* at 355 (internal quotation marks and citation omitted). Instead, a transferred employee claiming discrimination is only required to show they suffered "some harm" with respect to "an identifiable term or condition of employment." *Id.*

[3] Although *Muldrow* addressed a discrimination claim under Title VII, the analysis applies to McCrorey's age-discrimination claim. *See Barber v. CSX Distrib. Servs.*, 68 F.3d 694, 698 (3d Cir. 1995) ("Because the prohibition against age discrimination contained in the ADEA is similar in text, tone, and purpose to the prohibition against discrimination contained in Title VII, courts routinely look to law developed under Title VII to guide an inquiry under the ADEA.").

Following *Muldrow*, it is possible the District Court would differently assess the adverse-action element of a prima facie case under *McDonnell Douglas*. *See e.g.*, *Peifer*, 106 F.4th at 277 (citing *Muldrow*'s holding "that, contrary to our prior precedent, an employee need not demonstrate that the asserted adverse employment action was a 'serious and tangible' employment-related harm") (citation omitted). This Court in *Peifer* remanded a Title VII discrimination case so that the district court could reassess its grant of summary judgment under *Muldrow*'s "some" employment-related harm standard. *Id.* We will follow our precedent, vacating the grant of summary judgment for Muldrow's age-discrimination claim and remanding so that the District Court can apply the new standard enunciated in *Muldrow*.

*b. Retaliation Claim*

McCrorey's retaliation claim alleges that the Police Department denied his application to extend his DROP retirement date because he filed an EEOC complaint alleging age discrimination.

We apply *McDonnell Douglas*'s burden-shifting framework when, as here, there is no direct evidence of retaliation. *Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 193 (3d Cir. 2015). Under this framework, a plaintiff asserting a retaliation claim first must establish a prima facie case by showing: (1) that he engaged in a protected activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action. *Id.* at 193 (quoting *Marra v. Phila. Hous. Auth.*, 497 F.3d 286, 300 (3d Cir.

2007)). The parties agree that the first prong is met because McCrorey's filing his EEOC complaint constituted a protected employee activity.

In granting summary judgment, the District Court found McCrorey failed to establish a genuine issue of material fact regarding whether: (1) he experienced an adverse employment action following his EEOC complaint; and (2) even if such an adverse action were sufficiently alleged, that his EEOC complaint *caused* the adverse action.

Even assuming *arguendo* McCrorey was subjected to an adverse employment action after the filing of his EEOC complaint, there is no reason to remand his retaliation claim because the District Court properly concluded that the evidence was insufficient to prove there was a causal connection between his protected activity and the denied application. We agree with the District Court that he failed to establish that the Police Department's decisionmakers were aware of the EEOC complaint when they rejected McCrorey's request to extend his retirement date. Instead, the record established the opposite; Lieutenant Ferguson, who reviewed the extension applications for the Police Department, testified that he was not aware of McCrorey's EEOC complaint. He instead testified that he denied the application because McCrorey was on sick leave and that no applicant on extended leave was granted an extension.

* * *

Because we conclude the District Court's denial of McCrorey's retaliation claim is supported by the record, we will affirm the grant of summary judgment with regard to this issue. But we will vacate the grant of summary judgment with regard to the age-

discrimination claim and remand so that the District Court can apply *Muldrow* to the adverse-action prong of a prima facie case under the *McDonnell Douglas* framework.